# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| TIMOTHY WINTERS and CHRISTOPHER PETERS,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF VALDOSTA, GEORGIA, JOHN J. FRETTI, Mayor, JAMES WRIGHT, Councilman, DEIDRA A. WHITE, Councilwoman, JOSEPH "SONNY" VICKERS, Councilman, ALVIN PAYTON JR., Councilman, TIMOTHY H. CARROLL, Councilman, ROBERT YOST, Councilman, JOHN EUNICE, Mayor Pro Tem, and CHRIS PRINE, Sheriff of Lowndes County,<br><br>    Defendants. | Civil Action 7:11-CV-22 (HL) |

## ORDER

This case is before the Court on Defendant Chris Prine's Motion to Dismiss (Doc. 8). For the reasons discussed below, the Motion to Dismiss is granted.

## I. FACTS

Plaintiffs have filed this lawsuit against a number of Defendants, including Chris Prine, Sheriff of Lowndes County. Plaintiff Winters alleges that in 2009, without his consent, deputies with the Lowndes County Sheriff's Office placed a registered sex offender in Plaintiff Winters' boarding home despite the fact that the property is in proximity to a school, church, park, and daycare facility. Plaintiff Winters alleges that he notified the Sheriff's Office that the boarder is a registered sex offender and

requested that the boarder be removed, but the Sheriff's Office did not comply with the request. Plaintiff Winters contends that the presence of the boarder has damaged Plaintiff Winters' business and has caused him emotional distress.

Plaintiff Winters states that as Sheriff, Defendant Prine is liable for the actions of the deputies. Plaintiff Winters alleges that the actions of the deputies were done pursuant to a policy, custom, or practice of Defendant Prine. Plaintiff Winters seeks damages from Defendant Prine under 42 U.S.C. § 1983.[1]

Defendant Prine has moved to dismiss the complaint. He contends that the complaint against him fails because there is no respondeat superior liability under § 1983, and because the complaint fails to state a claim upon which relief can be granted.[2]

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation and internal quotation marks omitted). However, to survive scrutiny under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ---, 129

---

[1] Defendant Prine has been sued in his official capacity only.

[2] Defendant Prine also moved to dismiss the complaint for two other reasons: (1) improper service; and (2) Eleventh Amendment immunity. As the Court finds that the complaint should be dismissed for failure to state a claim, it is not necessary to address these other arguments.

S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citation omitted). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted).

## III. ANALYSIS

"It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (citation and quotation omitted)). "[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiffs do not contend that Defendant Prine personally participated in the alleged unconstitutional conduct. Thus, in order to state a claim for relief against Defendant Prine, Plaintiffs must allege a causal connection between Defendant Prine's actions and the alleged constitutional violations committed by the deputies. This causal connection may be established "where the supervisor's improper custom

3

or policy results in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (internal quotation marks and citations omitted).[3] "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Goebert v. Lee County, 510 F.3d 1312, 1332 (11th Cir. 2007) (internal citation omitted). "A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." Id. (internal citation omitted). "Demonstrating a policy or custom requires showing a persistent and wide-spread practice." Id. (internal quotation marks and citations omitted).

Plaintiffs only make one reference to an alleged policy or custom of Defendant Prine. In Paragraph 32 of the Complaint, Plaintiffs allege that "[t]he actions of the Sheriff's deputies, as alleged herein, were taken under the color of law and were pursuant to a policy, custom, or practice of the Sheriff." There is no mention anywhere in the complaint of what the alleged policy or custom is. This allegation is an impermissible "naked assertion devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citations omitted). To meet the pleading requirements established by Twombly and Iqbal, Plaintiffs have to do more than make this sort of "unadorned, the-defendant-unlawfully-harmed-me accusation." Id.[4]

---

[3]The causal connection can also be established when a history of widespread abuse puts the supervisor on notice of the need to correct the alleged deprivation, but he fails to do so. Hartley, 193 F.3d at 1269. Plaintiffs here, however, have only alleged that Defendant Prine's custom or policy resulted in the violation of their constitutional rights.

[4]Even in Plaintiff's response to the Motion to Dismiss, they do nothing more make the same conclusory allegations that Defendant Prine condoned a policy or custom resulting in a

The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted as to Defendant Prine. Thus, the Motion to Dismiss is granted.

## IV.  CONCLUSION

Defendant Prine's Motion to Dismiss Complaint for Damages (Doc. 8) is granted. Plaintiffs' complaint as to Defendant Prine is dismissed without prejudice.

The remaining parties are to file their discovery plan with the Court no later than May 13, 2011.

**SO ORDERED**, this the 9th day of May, 2011.

*s/ Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

mbh

---

violation of Plaintiffs' constitutional rights.