**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **TIMOTHY WINTERS and CHRISTOPHER PETERS,** | |
| Plaintiffs, | Civil Action 7:11-CV-22 (HL) |
| v. | |
| **THE CITY OF VALDOSTA, GEORGIA, JOHN J. FRETTI, Mayor, JAMES WRIGHT, Councilman, DEIDRA A. WHITE, Councilwoman, JOSEPH "SONNY" VICKERS, Councilman, ALVIN PAYTON JR., Councilman, TIMOTHY H. CARROLL, Councilman, ROBERT YOST, Councilman, and JOHN EUNICE, Mayor Pro Tem,** | |
| Defendants. | |

## ORDER

This case is before the Court on Defendants' Motion for Summary Judgment (Doc. 28). Upon review of the record, the Motion is granted as outlined herein. Plaintiffs' complaint is dismissed without prejudice.

## I.    BACKGROUND

Plaintiff Timothy Winters owns a boarding house in Valdosta. He contends that in 2009, the Valdosta Police Department required him to house a violent individual named Jeffrey Dixon. Plaintiff Winters alleges that the City of Valdosta refused to assist him in summarily evicting Mr. Dixon after Mr. Dixon failed to pay

rent and caused property damage. Plaintiff Christopher Peters, who worked for Plaintiff Winters at the boarding house, contends that Mr. Dixon physically assaulted him. Mr. Dixon was arrested by the Valdosta Police Department, but according to Plaintiffs, the police required Plaintiff Winters to allow Mr. Dixon to return to the boarding house after his release from jail, and Mr. Dixon then terrorized Plaintiffs and the other guests at the boarding house. Plaintiff Winters contends that the presence of Mr. Dixon has damaged his business and has caused him emotional distress.

On February 10, 2011, Plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983 against Defendants The City of Valdosta, John J. Fretti, James Wright, Deidra A. White, Joseph "Sonny" Vickers, Alvin Payton Jr., Timothy H. Carroll, Robert Yost, and John Eunice.[1] Fretti is the former Mayor of Valdosta, and Wright, White, Vickers, Payton, Carroll, Yost, and Eunice are all former or current members of the Valdosta City Council.

Defendants have now moved the Court for summary judgment in their favor, arguing that the City of Valdosta does not have an official policy or custom that violated Plaintiffs' constitutional rights, and also that the individual Defendants should be dismissed from the case. Defendants further contend that the case should be dismissed for failure to effect service on the City.

---

[1] Plaintiffs also named Chris Prine, Sheriff of Lowndes County, as a defendant, but he was dismissed by order of the Court entered on May 9, 2011 (Doc. 20).

## II.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2549 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

3

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). The court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

## III.   ANALYSIS

### A.   Official Capacity Claims Against Fretti, Wright, White, Vickers, Payton, Carroll, Yost, and Eunice

Plaintiffs have sued the individual Defendants in their official capacities only. However, a § 1983 lawsuit against a government official in his official capacity is considered to be a suit against the entity that he represents. Mann v. Taser Intern., Inc., 588 F.3d 1291, 1309 (11th Cir. 2009) (citation omitted). Thus, Plaintiffs' suit against Fretti, Wright, White, Vickers, Payton, Carroll, Yost, and Eunice in their official capacities is the equivalent of suing the City of Valdosta, which is a named defendant in this case. The official capacity claims are

redundant, and are dismissed. This leaves the City of Valdosta as the only defendant in the case.

### B.    Rule 4(m) Service of Process

Defendants argue that the case should be dismissed because Plaintiffs failed to properly serve the complaint and summons on the City of Valdosta. The Federal Rules of Civil Procedure provide:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)    delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B)    serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed.R.Civ.P. 4(j)(2).

No server's affidavit was ever filed by Plaintiffs as required by Rule 4(l)(1). The only document in the record regarding service is a Federal Express tracking sheet which states that a Federal Express envelope addressed to John Fretti, City of Valdosta was signed for by "S. Britt" on February 25, 2011. "S. Britt" is Shirley Britt, the Associate City Clerk for the City of Valdosta. She is not the City's chief executive officer. In any event, service by mail is not authorized under Rule 4. *See* Fed.R.Civ.P. 4(d) (restricting service by mail to situations arising under Rules 4(e), 4(f), and 4(h)); <u>Wright v. City of Las Vegas, Nev.</u>, 395

F.Supp.2d 789, 794 (S.D. Iowa 2005). As Plaintiffs have not personally served the summons and complaint on the City's chief executive officer, Plaintiffs have not properly effected service on the City of Valdosta under Rule 4(j)(2)(A).

Plaintiffs' other option would be to serve the City as provided by Georgia law. O.C.G.A. § 9-11-4(e)(5) states that a city is to be served by delivering a copy of the summons and complaint to the mayor or city manager. Plaintiffs have not personally served either the mayor or city manager. And like federal law, service by mail is not sufficient under Georgia law. *See* Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1232 (11th Cir. 1983) (attempted service on city by mail was defective under Georgia law and the Federal Rules of Civil Procedure). Thus, Plaintiffs have not properly effected service on the City under § 9-11-4(e)(5) either.

Under the Federal Rules of Civil Procedure, a plaintiff has 120 days after the filing of a complaint to serve the defendant. Fed.R.Civ.P. 4(m). As noted by Defendants, it has been over 120 days since the filing of this lawsuit. Proper service has not been effected on the City. Plaintiffs have long been on notice about the service defects. Not only were the defects raised in Defendants' answer, and again in the pending summary judgment motion, the service issue was also raised by former defendant Chris Prine in his motion to dismiss filed in March of 2011. Yet Plaintiffs have done nothing to correct the problem, and in

fact did not even bother to respond to Defendants' argument that the complaint should be dismissed for lack of service.[2]

Pursuant to Rule 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

"Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown." Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991), *superseded in part by rule as stated in* Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 n. 2 (11th Cir. 2005). Good cause is generally only found to exist when some "outside factor . . . rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted).

---

[2] The only "response" to Defendants' assertions about the insufficient service are Plaintiffs' unsupported denials of Defendants' material facts relating to service. Of course, in this Court, "[a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56. As Plaintiffs did not provide any citations to support their denials of the material facts relating to service, the facts are deemed admitted.

Plaintiffs have not established good cause for their failure to serve the City. Further, while the Court has discretion to grant an extension under Rule 4(m) even in the absence of good cause, Plaintiffs have not shown any special circumstances or facts that warrant an extension. As noted above, Plaintiffs did not address the service issue at all in their response to Defendants' motion, much less show any reason why an extension of time for service would be appropriate.

As Plaintiffs failed to serve the City within the 120-day time period under Rule 4(m), which expired on June 10, 2011, Plaintiffs' claims against the City of Valdosta are dismissed without prejudice.[3]

## IV.   CONCLUSION

Defendants' Motion for Summary Judgment (Doc. 28) is granted in that Defendants Fretti, Wright, White, Vickers, Payton, Carroll, Yost, and Eunice are dismissed as parties and Plaintiffs' complaint against the City of Valdosta is dismissed without prejudice.

---

[3] Because the City has not been served properly, the Court will not address the merits of the case. It is reversible error for a district court to address the merits of a cause of action when the plaintiff has failed to properly effect service. *See* Jackson v. Warden, FCC Coleman-USP, 259 Fed. App'x 181, 183 (11th Cir. 2007).

**SO ORDERED**, this the 15th day of February, 2012.

*<u>s/ Hugh Lawson</u>*
**HUGH LAWSON, SENIOR JUDGE**

mbh